UNITED STATES DISTRICT COURT FILED
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA
2011 DEC -1 P 2: 18

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

VIRTUAL STUDIOS, INC., )
                                                  )
       Plaintiff, )
                                                  )
v. ) CIVIL ACTION NO. 1:11-cv-359
                                                 )
BEAULIEU GROUP, LLC. ) JURY DEMAND
                                                 )
       Defendant. )

## COMPLAINT

By way of complaint against defendant Beaulieu Group, LLC, plaintiff Virtual Studios, Inc. states as follows:

## JURISDICTION

1. The First Count of this complaint is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101, *et seq*. This Court has jurisdiction pursuant to Section 1338(a) of the Judicial Code (28 U.S.C.A. §1338(a)). The remaining count of the complaint constitutes a related claim as to which the Court has pendant jurisdiction under Section 1338(b).

## VENUE

2. Venue is appropriate under the provisions of 28 U.S.C. §1400.

## FACTS COMMON TO ALL COUNTS

3. Plaintiff, Virtual Studios, Inc., ("Virtual") provides a variety of services and products within the graphic arts industry. Among those services are digital

photography, image manipulation, scanning, design and illustration, digital printing, presentation graphics, image setting, and digital proofs.

4. Approximately 16 years ago Virtual, a Tennessee corporation, developed a unique and proprietary software for digitally manipulating room scenes. It offered this service to carpet and flooring manufacturers as a means by which they could display their products in sales, advertising and marketing materials.

5. Virtual's unique proprietary software allowed it to digitally photograph carpet and flooring products and then manipulate the images of those products so as to create a picture of a room with the appearance that such carpet and flooring products were installed in it.

6. In 1997, Virtual and Beaulieu of America and Coronet, companies that are controlled by and part of defendant Beaulieu Group, LLC ("Beaulieu") began doing business together. Through the new technology developed by Virtual, Beaulieu was able to display its rugs and carpeting in room scenes created by Virtual. Beaulieu is a privately-held company with its Global Headquarters at 1502 Coronet Drive, Dalton, Georgia 30720. It is qualified to do business and does business in Tennessee. Its registered agent for service of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

7. Under the terms of the agreement between the parties, Beaulieu would select certain room scenes from Virtual's library of copyrighted room scenes and would provide Virtual with a sample of its product for use in the selected room scene. Virtual would then digitally photograph a small portion of the sample product, and digitally manipulate the image it took so as to virtually place that product into the selected room

scene. Beaulieu would then use this room scene in its advertising, sales and promotional materials in both print and internet media.

8. The parties' agreement of, *inter alia*, the "Terms and Conditions" is set forth on the reverse side of all invoices Virtual submitted to Beaulieu in the regular course of the parties' business.

9. The subject invoices contained, in pertinent part, the following language:

> Virtual Studios will provide its Client with the unlimited use of all photographs for a period of 1 year from the day of completion and payment of services as stated below

\* \* \* \* \* \*

> Client may not assign or transfer this agreement or any rights granted hereunder…No amendment or waiver of any terms is binding unless set forth in writing and signed by the parties. This agreement incorporates by reference Article 2 of the Uniform Commercial Code, and the Copyright Act of 1976, as amended.

\* \* \* \*

> Virtual Studios copyright notice "@(Your First Publication) *Virtual Studios*" must accompany each editorial use as an adjacent credit line.

\* \* \* \*

> Virtual Studios reserves the right to pursue authorized users of any Virtual Studios room scene image. If you violate our intellectual property you may be liable for actual damages, loss of income, and profits you derived from the use of this image or clip, and, where appropriate, the cost of collection and/or statutory damages up to $150,000(U.S.D.) per image.

10. The parties discussed these terms and conditions before the commencement of their business relationship, and Beaulieu knew the foregoing language was in Virtual's invoices.

11. Beaulieu agreed that Virtual had the sole and exclusive right to manipulate the room scene images for Beaulieu.

12. Although Beaulieu continues to do business with Virtual, sales between the parties have diminished dramatically.

13. As business diminished between Virtual and Beaulieu, Virtual discovered that Beaulieu had continued to use hundreds of Virtual's copyrighted images, though the use of which had been limited by the agreement between the parties to one year.

14. With respect to the images that Beaulieu used and continues to use beyond the one year limitation of its agreement with Virtual, Beaulieu failed and refused to compensate Virtual beyond the payment of a one year fee with respect to each image.

15. In addition, Virtual discovered that Beaulieu had, on its own initiative, and without the participation of Virtual and without Virtual's consent, undertaken to manipulate images of its products and insert them into the copyrighted room scene images that Virtual had previously provided to Beaulieu. By these actions, Beaulieu knew it was violating its agreement with Virtual insofar as it knew that Virtual had the sole and exclusive right to manipulate the room scene images.

## COUNT I

## COPYRIGHT INFRINGEMENT

16. Plaintiff repeats and restates each and every allegation of Paragraphs 1 through 15 as though fully set forth herein.

17. Thomas Sucher, president of Virtual has notified Beaulieu of its improper, unlawful and infringing actions. Beaulieu management has acknowledged that Beaulieu

has improperly infringed Virtual's copyrights and that Beaulieu has breached its agreement with Virtual.

18. In 2008, Virtual complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for copyright registration and making the required deposit for each and every one of the room scene images it provided Beaulieu for its limited use. The United States Copyright Office accordingly issued copyright certificates for each of the subject room scenes with the latest effective date of the registration certificates of February 14, 2008.

19. Beaulieu had actual or constructive notice of Virtual's copyright in and to the subject room scene images.

20. Notwithstanding Beaulieu's notice and knowledge of Virtual's rights and, contrary to its agreement with Virtual and without Virtual's permission or assent, Beaulieu has continued to copy, use, disseminate, and digitally manipulate and alter hundreds of Virtual's copyrighted images.

21. Virtual has notified Beaulieu that it has infringed and is infringing Virtual's copyrights. Nothwithstanding such notice, Beaulieu has continued and is anticipated to continue to use Virtual's copyrighted materials in violation of those copyrights and without the permission or assent of Virtual.

22. Beaulieu's acts of infringement have been and continue to be willful.

23. The unauthorized and infringing use by Beaulieu of Virtual's copyrighted materials has caused irreparable harm, damage and injury to Virtual. In addition, Beaulieu has unlawfully and wrongfully derived and will continue to derive income and profits from its infringing acts.

**WHEREFORE,** Virtual requests judgment against Beaulieu for:

a) A permanent injunction enjoining defendant and its agents, servants and employees from infringing in any manner, plaintiff's copyrights in the subject room scene images and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action.

b) An accounting for payment to plaintiff of all of the following sums:

1. All gains, profits and advantages derived by defendant as a result of its infringement of plaintiff's copyrights, statutory damages or such damages as the Court shall deem proper and within the provisions of the copyright statutes;

2. The delivery by defendant, its agent, employees and all holding with through or under it or anyone acting on its behalf to be impounded of all articles alleged to infringe the copyrights of plaintiff in the subject room scene images;

3. Delivery by defendant, its agents, employees and all holding with through or under or anyone acting on its behalf for destruction following a final decision in this action, of all infringing copies including, but not necessarily limited to, all infringing derivative images, digital files, magnetic tapes and other means for making infringing copies;

4. Reasonable attorney's fees, interest and costs of suit; and

5. Such other and further relief as the court deems equitable and just.

## COUNT II

### BREACH OF CONTRACT

24. Plaintiff repeats and restates each and every allegation of Paragraphs 1 through 23 as though fully stated herein.

25. Beaulieu's continued use of Virtual's products beyond the terms of the parties' agreement constitutes a willful and continuing breach of contract by Beaulieu.

26. Virtual has been and will continue to be damaged by the intentional breach by Beaulieu of the contract between the parties.

27. Virtual has complied in all respects with its obligations under the contract between the parties.

**WHEREFORE**, Virtual demands judgment against Beaulieu as follows:

a) Damages for breach of contract;

b) Reasonable attorney's fees and expenses;

c) All costs of suit;

d) Such other or further relief deemed equitable and just.

## COUNT III

### UNJUST ENRICHMENT

28. Plaintiff repeats and restates each and every allegation of Paragraphs 1-27 as though fully stated herein.

29. Beaulieu has used and continues to use room setting images provided to it by Virtual for its own marketing, financial benefit and advantage.

30. Beaulieu has willfully failed and refused to properly compensate Virtual for the reasonable value of the products that it continues to use.

31. Beaulieu has been unjustly enriched and will continue to be unjustly enriched if it continues to have the use and benefit of Virtual's products without paying the reasonable value thereof.

32. Beaulieu has derived a benefit and is indebted to Virtual for the reasonable value of the use of Virtual's products.

**WHEREFORE**, Virtual alternatively demands judgment against Beaulieu as follows:

a) Damages in the amount of the reasonable value for Beaulieu's use of Virtual's room scene images;

b) Pre-judgment interest and costs of suit;

c) Reasonable attorney's fees and expenses; and

d) Such other and further relief deemed equitable and just.

## COUNT IV

### MISREPRESENTATION

33. Plaintiff repeats and restates each and every allegation of Paragraphs 1-32 as though fully set forth herein.

34. After Virtual notified Beaulieu of its improper, unlawful and infringing actions, Beaulieu represented that it would compensate Virtual for its claims through a proposed payment of money and additional work.

35. Beaulieu's representations were made knowingly. Beaulieu either intentionally or negligently misrepresented its willingness to properly compensate Virtual and to provide Virtual with additional work.

36. Virtual reasonably relied upon these representations to its detriment.

37. Virtual has been damaged as a result of Beaulieu's misrepresentations.

**WHEREFORE**, Virtual demands judgment against Beaulieu as follows:

a) Compensatory damages for misrepresentation;

b) Punitive damages for misrepresentation;

c) All costs of suit;

d) Such other or further relief deemed equitable and just.

Respectfully submitted,

PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

By: *Michael A. [signature]*

Michael A. Anderson, BPR #012368
McKinley S. Lundy, BPR #27391
*Attorneys for Plaintiffs*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

PLAINTIFF RESPECTFULLY REQUESTS A JURY TO TRY THE ISSUES WHEN JOINED.

By: *Michael A. [signature]*
Michael A. Anderson