UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

VIRTUAL STUDIOS, INC.

    Plaintiff,

v.

BEAULIEU GROUP, LLC,

    Defendant.

Civ. No. 1:11-cv-359
CLC/Lee

## ANSWER

Defendant Beaulieu Group, LLC ("Beaulieu") hereby answers the Complaint filed by Plaintiff Virtual Studios, Inc. ("Virtual") as follows:

### JURISDICTION[1]

1. Beaulieu admits that the Complaint purports to assert claims of copyright infringement and unfair competition in Counts I, III, and IV and that this Court would have federal subject matter jurisdiction over such claims under 35 U.S.C. §§ 1331 and 1338(a) & (b), but Beaulieu denies the validity and basis of these claims. Beaulieu denies that the Complaint alleges any proper basis for Federal subject matter jurisdiction over Court II for breach of contract and denies the validity and basis of this claim. Beaulieu denies any remaining allegations in this paragraph.

### VENUE

2. Admitted.

---

[1] The headings found in the Complaint are repeated herein in part for convenience only. Beaulieu denies any factual allegations contained in the headings.

## ALLEGED FACTS

3. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

4. Beaulieu admits that on information and belief Virtual is a Tennessee corporation. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

5. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

6. Beaulieu admits that it has done business with Virtual in the past, including through the related Beaulieu companies Beaulieu of America, Inc. and Coronet Industries, Inc. Beaulieu admits that it has a principal place of business at 1502 Coronet Drive, Dalton, Georgia 30720, is qualified to and does business in Tennessee, and that its registered agent for service of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

7. Beaulieu admits that it has used Virtual to create room scene images displaying Beaulieu's products and has used these room scene images in Beaulieu's advertising and sales materials under an agreement with Virtual. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

8. Beaulieu admits that a "Terms and Conditions" section is contained on the back of at least some of the invoices that Virtual provided to Beaulieu. Beaulieu lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

9. Beaulieu admits that Virtual's invoices granted Beaulieu "unlimited use of all photographs [(room scene images)] for a period of one year from the day of the completion and payment of services as stated" on the invoice. Beaulieu also admits that other portions of the parties' agreement regarding room scene images are purportedly quoted in this paragraph, but denies that the text provided is quoted correctly and that the complete agreement of the parties has been quoted in this paragraph. Beaulieu denies any remaining allegations in this paragraph.

10. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

11. Denied.

12. Beaulieu admits that the volume of business between it and Virtual has changed over the years. Beaulieu denies any remaining allegations in this paragraph.

13. Denied.

14. Denied.

15. Denied.

## COUNT I

16. Paragraphs 1–15 of Beaulieu's Answer are incorporated herein by reference.

17. Beaulieu admits that in the past Thomas Sucher, President of Virtual, has raised concerns about Beaulieu's use of room scene images that Beaulieu purchased from Virtual. Beaulieu denies that it has infringed or is infringing any valid copyright owned by Virtual and denies that it has breached any agreement with Virtual regarding room scene images. Beaulieu denies any remaining allegations in this paragraph.

18. Beaulieu denies that any certificate of registration for any copyright was attached to the Complaint. Beaulieu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

19. Beaulieu denies that each and every one of the room scene images that Virtual provided to Beaulieu contained a copyright notice. Beaulieu denies any remaining allegations in this paragraph.

20. Denied.

21. Beaulieu admits that in the past Virtual has raised concerns about Beaulieu's use of room scene images that Beaulieu purchased from Virtual. Beaulieu denies that it has infringed or is infringing any valid copyright owned by Virtual and that it has used or is using any of Virtual's room scene images without permission or authorization. Beaulieu denies the remaining allegations in this paragraph.

22. Denied.

23. Denied.

### VIRTUAL'S PRAYER FOR RELIEF UNDER COUNT I

Beaulieu denies that Virtual is entitled to any of the relief requested under Count I.

### COUNT II

24. Paragraphs 1–23 of Beaulieu's Answer are incorporated herein by reference.

25. Denied.

26. Denied.

27. Denied.

### VIRTUAL'S PRAYER FOR RELIEF UNDER COUNT II

Beaulieu denies that Virtual is entitled to any of the relief requested under Count II.

## COUNT III

28. Paragraphs 1–27 of Beaulieu's Answer are incorporated herein by reference.

29. Beaulieu denies that it has used or is using any of Virtual's room scene images without permission or authorization. Beaulieu denies any remaining allegations in this paragraph.

30. Denied.

31. Denied.

32. Denied.

### VIRTUAL'S PRAYER FOR RELIEF UNDER COUNT III

Beaulieu denies that Virtual is entitled to any of the relief requested under Count III.

## COUNT IV

33. Paragraphs 1–32 of Beaulieu's Answer are incorporated herein by reference.

34. Beaulieu admits that Virtual raised concerns about Beaulieu's use of room scene images that Beaulieu purchased from Virtual and that Beaulieu continued to do business with and pay Virtual for work that Virtual did for Beaulieu after Virtual raised these concerns. Beaulieu denies any remaining allegations in this paragraph.

35. Denied.

36. Denied.

37. Denied.

### VIRTUAL'S PRAYER FOR RELIEF UNDER COUNT IV

Beaulieu denies that Virtual is entitled to any of the relief requested under Count IV.

### GENERAL DENIAL

Beaulieu denies any allegation not specifically responded to above.

## VIRTUAL'S REQUESTED RELIEF

Beaulieu denies that Virtual is entitled to any of the requested relief. WHEREFORE, Beaulieu respectfully requests that this Court enter judgment in its favor and against Virtual on all of the claims in the Complaint, and further that Beaulieu be awarded all of its costs and expenses incurred in this action, including attorney fees to the extent authorized by law or otherwise, along with any other relief the Court deems just and proper.

## ADDITIONAL DEFENSES

Beaulieu asserts the additional defenses set forth below. Beaulieu reserves the right to amend its Answer to assert further defenses as more information becomes available in this action.

## FIRST DEFENSE

## FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

## NO SUBJECT MATTER JURISDICTION

The Court lacks jurisdiction over the subject matter of this action because the Complaint fails to state a cause of action that arises under the Copyright Act or any other Federal law and/or because Virtual has not alleged any other basis under which this Court may exercise subject matter jurisdiction over the Complaint.

## THIRD DEFENSE

## NO STANDING

Upon information and belief and subject to additional discovery, Virtual lacks standing to bring some or all of the claims in the Complaint at least because Virtual is not the owner of a valid copyright in each allegedly infringed work.

## FOURTH DEFENSE

## NO VALID COPYRIGHT

Some or all of Virtual's claims are barred or subject to dismissal for failure to comply with one or more requirements of the Copyright Act, including at least notice, registration, and other necessary formality requirements for instituting a copyright infringement action, and/or because the allegedly infringed works or portions thereof are unprotectable, in the public domain, not original, subject to the merge doctrine, and/or scenes a faire.

## FIFTH DEFENSE

## NO COPYRIGHT INFRINGEMENT

Beaulieu has not infringed any valid copyright owned by Virtual and/or Beaulieu's use of any copyrighted work owned by Virtual is subject to one or more of the limitations on 17 U.S.C. § 106 set forth in 17 U.S.C. § 107–122 or case law.

## SIXTH DEFENSE

## LICENSE OR RELEASE

The doctrines of license, implied license, legal estoppel, release, payment, and/or accord and satisfaction bar some or all of Virtual's claims and/or bar Virtual from obtaining part or all of the relief it seeks.

## SEVENTH DEFENSE

## LACHES, ESTOPPEL, ACQUIESCE, CONSENT, OR WAIVER

The doctrine of laches, estoppel, equitable estoppel, acquiesce, consent, and/or waiver bar some or all of Virtual's claims and/or bar Virtual from obtaining part or all of the relief it seeks.

## EIGHTH DEFENSE

## ABANDONMENT / FORFEITURE

Upon information and belief and subject to additional discovery, some or all of Virtual's claims and/or part or all of the relief Virtual seeks is barred because Virtual abandoned or forfeited its claims and/or rights.

## NINTH DEFENSE

## COPYRIGHT MISUSE / UNCLEAN HANDS

Upon information and belief and subject to additional discovery, the doctrine of copyright misuse and/or unclean hands bars some or all of Virtual's claims and/or bars Virtual from obtaining part or all of the relief it seeks.

## TENTH DEFENSE

## STATUTE OF LIMITATIONS

The applicable statute of limitations bars some or all of Virtual's claims and/or bars Virtual from obtaining part or all of the relief it seeks.

## ELEVENTH DEFENSE

## INNOCENT INFRINGEMENT

If Beaulieu infringed any valid copyright, which Beaulieu expressly denies, such infringement was unintentional and innocent.

## TWELFTH DEFENSE

## NO RELIEF OR DAMAGES

Virtual is not entitled to any of the equitable or legal relief it requested, including any injunction, impoundment, and/or actual or statutory damages.

## THIRTEENTH DEFENSE

## STATUTORY DAMAGES UNCONSTITUTIONAL

The statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Constitution's Due Process clause and therefore some or all of Virtual's claims are barred and/or Virtual is barred from obtaining part or all of the relief it seeks.

## FOURTEENTH DEFENSE

## FAILURE TO MITIGATE DAMAGES

Some or all of Virtual's claims are barred by its failure to mitigate damages, if any.

## BEAULIEU'S COUNTERCLAIM

For its Counterclaim against Plaintiff/Counterclaim Defendant Virtual Studio's, Inc. ("Virtual"), Defendant/Counterclaimant Beaulieu Group, LLC ("Beaulieu") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Beaulieu is incorporated under the laws of the State of Georgia and has a principal place of business at 1502 Coronet Drive, Dalton, Georgia 30720.

2. On information and belief, Virtual is incorporated under the laws of the State of Tennessee and has a principal place of business at 693 North Varnell Road, Tunnel Hill, Georgia 30755.

3. Virtual has alleged that Beaulieu has breached certain agreements between Beaulieu and Virtual relating to Beaulieu's purchase of certain room scene images from Virtual and that as a result Beaulieu allegedly has infringed Virtual's copyright in certain room scene images.

4. This Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1332, 2201, & 2202 because an actual controversy exists between Beaulieu and Virtual regarding the parties' rights and responsibilities under their agreements relating to certain room scene images, there is diversity of citizenship between Beaulieu (Georgia) and Virtual (Tennessee), and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over Virtual because, among other things and upon information and belief, Virtual is incorporated under the laws of the State of Tennessee, has a place of business in Tennessee, has on going and systematic contacts with Tennessee and in this District, regularly transacts business in Tennessee and in this District, and consented to personal jurisdiction in this Court by filing the Complaint in this action against Beaulieu.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## BACKGROUND

7. At Beaulieu's request, Virtual supplied Beaulieu with digital images displaying Beaulieu's rug and carpet products in a virtual room scene. A virtual room scene is a visual depiction of a room, such as a living room or bedroom, where certain aspects of the room have been digitally modified. For example, to showcase Beaulieu's rug and carpet products in a room, Beaulieu supplied Virtual with samples of Beaulieu's rug and carpet products and Virtual digitally inserted these Beaulieu products into a virtual room scene to illustrate the installation of Beaulieu's product in the room.

8. Beaulieu purchased room scene images from Virtual for Beaulieu's use in, among other things, advertising and marketing Beaulieu's rug and carpet products, and Virtual knew that Beaulieu intended to use Virtual's images in advertising and marketing.

9. Virtual invoiced Beaulieu for each room scene image and Beaulieu paid Virtual for each room scene image.

10. Virtual's invoices granted Beaulieu "unlimited use of all photographs [(room scene images)] for a period of one year from the day of the completion and payment of services as stated" on the invoices. Virtual also agreed that Beaulieu could use Virtual's images in Beaulieu's advertising and marketing.

11. In late 2008 to early 2009, Virtual raised concerns about Beaulieu's use of room scene images that Beaulieu purchased from Virtual. Virtual questioned whether Beaulieu properly could continue to use the room scene images that Beaulieu purchased from Virtual more than one year after Beaulieu's initial purchase of the images.

12. Upon information and belief, Beaulieu and Virtual agreed to compromise and resolve their dispute concerning the room scene images. Upon further information and belief, Virtual agreed to allow Beaulieu to continue to use the room scene images and Beaulieu agreed to purchase room scene images from Virtual in the future.

13. Beaulieu continued to purchase room scene images from Virtual in and after 2009.

### FIRST COUNTERCLAIM

#### DECLARATION OF RIGHTS UNDER ROOM SCENE AGREEMENTS

14. Paragraphs 1–13 of the Counterclaim are incorporated herein by reference.

15. Beaulieu has not breached any agreement between Beaulieu and Virtual regarding room scene images.

16. The agreement between Beaulieu and Virtual granted Beaulieu an express or implied license to use the room scene images that Beaulieu purchased from Virtual.

17. Virtual has breached the agreement regarding room scene images at least by attempting to derogate from the license that Virtual granted to Beaulieu.

18. Beaulieu is entitled to compensatory and consequential damages in an amount to be proven at trial as a result of Virtual's breach of the agreement regarding room scenes, as well as pre- and post- judgment interest, attorney fees and costs.

19. In undertaking the wrongful acts described herein, Virtual breached its duty of good faith and fair dealing causing damages to Beaulieu in an amount to be proven at trial, and warranting the imposition of punitive damages as permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Beaulieu request the following relief:

(a) A declaratory judgment, under 28 U.S.C. §§ 2201 and 2202, that

(i) Beaulieu has not breached any agreement between Beaulieu and Virtual regarding room scene images;

(ii) Beaulieu has a license to use the room scene images that Beaulieu purchased from Virtual;

(iii) Beaulieu's continued use of the room scene images it purchased from Virtual will not infringe on any valid right held by Virtual and will not breach any agreement between Beaulieu and Virtual; and

(iv) Virtual has breached the room scene images agreement between Virtual and Beaulieu at least by attempting to derogate from the license that Virtual granted to Beaulieu;

(b) An order finding that Virtual is not entitled to any relief and dismissing Virtual's Complaint with prejudice;

(c) An order awarding compensatory, consequential, and punitive damages to Beaulieu;

(d) An order awarding attorney fees, expenses of litigation, and costs to Beaulieu;

(e) An order awarding pre- and post- judgment interest to Beaulieu; and

(f) For such further equitable or other relief as the Court deems just and proper.

## JURY DEMAND

Beaulieu demands a jury on any issue in the Complaint, Answer, or Counterclaim that is so triable.

Dated: February 21, 2012				Respectfully submitted,

						_____
						Peter N. Farley
							Georgia Bar No. 255,165
							(*pro hac vice* application pending)
						Joshua D. Curry
							Georgia Bar No. 117,378
							(*pro hac vice* application pending)
						SUTHERLAND ASBILL & BRENNAN LLP
						999 Peachtree Street, N.E.
						Atlanta, Georgia 30309-3996
						Phone:(404) 853-8000
						Facsimile (404) 853-8806
						Email  peter.farley@sutherland.com
							    josh.curry@sutherland.com

						*Attorneys for Defendant Beaulieu Group, LLC*

## CERTIFICATE OF SERVICE

I certify that on the date below I caused the foregoing document to be filed in the United States District Court for the Eastern District of Tennessee and to be served on the following counsel of record by e-mail and U.S. Mail:

**Attorneys for Plaintiff Virtual Studios, Inc.**

Michael A. Anderson
McKinley S. Lundy, Jr.
Patrick, Beard, Schulman & Jacoway, PC
537 Market Street
Suite 202 Market Court
Chattanooga, Tennessee 37402-1225
Email: manderson@pbsjlaw.com
mlundy@pbsjlaw.com

Dated: February 21, 2012