UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| VIRTUAL STUDIOS, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:11-cv-359 |
| | ) CLC/Lee |
| BEAULIEU GROUP, LLC. | ) JURY DEMAND |
| Defendant. | ) |

## RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN AND CASE SCHEDULE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Virtual Studios, Inc. ("Virtual") and Defendant Beaulieu Group, LLC ("Beaulieu") met and conferred on March 8, 2012 and jointly submit this Rule 26(f) report and proposed discovery plan and case schedule.

1. **Nature and Basis of Parties' Claims and Defenses**:

Virtual's Statement: Beaulieu has willfully infringed upon valid copyrights owned by Virtual and has breached agreements between Virtual and Beaulieu relating to room scenes. As a result, Beaulieu has been unjustly enriched. Further, Beaulieu misrepresented to Virtual its willingness to compensate Virtual for the willful infringement by furnishing Virtual substantial additional work. The terms and conditions of Beaulieu's right to use the copyrighted room scenes were explained to Beaulieu and Beaulieu violated the agreement. As a result, Virtual has been damaged and seeks recovery for penalties, attorney's fees, compensatory, punitive and other damages, pre-judgment interest, costs and post-judgment interest.

Virtual denies that Beaulieu is entitled to recovery on its counterclaim and denies that Virtual is liable to Beaulieu for any compensatory consequential or other damages. Virtual denies it breached any agreement with Beaulieu.

Beaulieu's Statement: Beaulieu has not infringed any valid copyright owned by Virtual, breached any contract or agreement between Virtual and Beaulieu relating to room scenes, or been unjustly enriched or made any misrepresentation in connection with any dealings with Virtual regarding room scene images. Virtual is not entitled to any relief it seeks in the Complaint for the reasons stated in Beaulieu's Answer, including, for example, at least because Beaulieu has an express or implied license to use the room scenes that Beaulieu purchased from Virtual and/or because Virtual is estopped or otherwise barred from obtaining any of the relief its seeks. Beaulieu's Answer also raises additional defenses. Beaulieu seeks by its Counterclaim

compensatory and consequential damages from Virtual because Virtual breached the parties agreement regarding room scenes. Beaulieu also seeks by its Counterclaim punitive damages, attorney fees, and costs because Virtual also breached the covenant of good faith and fair dealing by instituting this action against Beaulieu in knowing disregard of Beaulieu's right to use the room scenes that Beaulieu purchased from Virtual.

2. **Introductory Matters:**

    **(a)** **Jurisdiction:** In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. §§ 1332, 1338, 2201 and 2202 and is not in dispute.

    **(b)** **Consent to Magistrate Judge:** The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

    **(c)** **Settlement / Alternative Dispute Resolution:**

        (i) The possibility of settlement is unknown at this time.

        (ii) The parties will discuss the possibility of utilizing the Federal Court Mediation Program. They will notify the Court on or before September 7, 2012 as to whether they think the Federal Court Mediation Program can aid in resolving this case. Letters should be sent to the attention of U.S. District Court Clerk's Office, Division Manager, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402.

5. **Proposed Discovery Plan:**

    **(a)** **Changes to the Timing of Discovery:** None, except as provided below in the Proposed Case Schedule in Section 6.

    **(b)** **Subjects of Discovery:**

<u>Virtual's Statement</u>: Virtual anticipates that discovery will be needed on Virtual's claims of copyright infringement, the defenses raised by Beaulieu in its answer and Beaulieu's counterclaim. With regard to Virtual's claim and Beaulieu's counterclaim, Virtual will need discovery on damage issues and the evidence to support claims of damages.

<u>Beaulieu's Statement</u>: Beaulieu anticipates that discovery will be needed on Virtual's claimed copyrights and the subject matter thereof; creation, ownership, registration, and chain of title regarding Virtual's claimed copyrights; agreements, communications, and business dealings between Virtual and Beaulieu relating to room scenes and Virtual's knowledge of the foregoing; Virtual's practices, policies, business dealings, and licensing activity related to room scenes; industry practices relating to the sale and use of room scenes; Virtual's alleged damages, including a computation of any alleged actual damages; litigation instituted by Virtual against third-parties regarding room scenes and any settlement agreements reached in those litigations;

and Beaulieu's damages suffered as a result of Virtual's breach of the parties' agreement regarding room scenes.

(c) **Electronically Stored Information:** The parties anticipate that electronically stored information will be requested and produced in this action and anticipate reaching an agreement regarding the scope of any discovery involving electronically stored information and the production format of any such information.

(d) **Claims of Privilege:** The parties are not currently aware of any issues relating to claims of privilege. The parties anticipate including a provision regarding the return of inadvertently produced privileged materials in the proposed protective order they will submit in accordance with Section 5(f) below.

(e) **Changes to Limitations on Discovery:** The parties propose the following changes to the limitations on discovery.
  (i) **Requests for Production:** Forty per party.
  (ii) **Interrogatories:** Twenty-five per party.
  (iii) **Requests for Admission:** Twenty-five per party.
  (iv) **Depositions:** Ten individual depositions and one 30(b)(6) deposition per party.

(f) **Protective Order:** The parties will jointly submit a proposed order to protect the disclosure of confidential information in this action.

6. **Proposed Case Schedule:** The parties propose that the following deadlines apply in this action.

| Event | Deadline |
|---|---|
| Initial disclosures | March 9, 2012 |
| Joinder of parties | July 31, 2012 |
| Amendment of pleadings | July 31, 2012 |
| Substantial completion of document production | June 15, 2012 |
| Fact discovery completed | October 19, 2012 |
| Opening expert reports on issues for which a party bears the burden of proof | November 16, 2012 |
| Responsive expert reports | December 14, 2013 |
| Reply expert reports | January 11, 2013 |
| Expert discovery completed | February 8, 2013 |
| Dispositive motions | March 15, 2013 |
| Pretrial disclosures and final witness list | Twenty-one days prior to final pretrial conference |
| Motions *in limine* | Seven days prior to final pretrial conference |

| Special requests to instruct for jury trial | At the final pretrial conference |
|---|---|
| Final pretrial conference | To be set by Court |
| Trial | To be set by Court |

Dated: March 8, 2012

Respectfully submitted,                                    Respectfully submitted,


 s/ Michael A. Anderson                                    s/ Peter N. Farley
Michael A. Anderson                                        Peter N. Farley
    Tennessee Bar No. 012368               Georgia Bar No. 255,165
McKinley S. Lundy, Jr.                                         (admitted *pro hac vice*)
    Tennessee Bar No. 27319            Joshua D. Curry
PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.                       Georgia Bar No. 117,378
537 Market Street, Suite 202                                   (admitted *pro hac vice*)
Chattanooga, TN 37402                                      SUTHERLAND ASBILL & BRENNAN LLP
Telephone: (423) 756-7117                                  999 Peachtree Street, N.E.
Facsimile: (423) 267-5032                                  Atlanta, Georgia 30309-3996
Email: manderson@pbsjlaw.com                               Phone:(404) 853-8000
                                                           Facsimile (404) 853-8806
*Attorneys for Plaintiff Virtual Studios, Inc.*            Email  peter.farley@sutherland.com
                                                                   josh.curry@sutherland.com

*Attorneys for Defendant Beaulieu Group, LLC*