UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

VIRTUAL STUDIOS, INC.

    Plaintiff,

v.

BEAULIEU GROUP, LLC,

    Defendant.

CIVIL ACTION NO. 1:11-cv-359

CLC/Lee

JURY DEMAND

## Affidavit of Tom Sucher

1. My name is Tom Sucher and I have personal knowledge of the statements in this affidavit.

2. I am a shareholder of Virtual Studios and since 1996 I have served as its President.

3. In 1996, Virtual began business as a graphic design company that catered to carpet manufacturers in Dalton, Georgia.

4. One of the services Virtual has offered its customers since its inception is the manipulation of virtual room scene images.

5. This process entailed the digital alteration of photographs of rooms so as to virtually display an image of a client's flooring product—be it carpet, tile, or wood—in a room scene.

6. Virtual could do this by taking high resolution photographs of small carpet samples called "swatches."

1

7. Then, instead of photographing rooms with a client's carpet actually installed, Virtual could just digitally add the carpet to a pre-existing "room scene" photograph.

8. By 1999, Virtual also offered its clients a large and growing selection of room scene images in which to advertise their products.

9. Virtual's room scene library included pictures of bedrooms, bathrooms, dining rooms, and living rooms in houses of varying decorum, as well as images of modern offices and schools rooms.

10. Virtual obtained few its room scenes from others, but the vast majority of Virtual's large room scene library was comprised of images its staff photographers took on location.

11. When Virtual began doing work for Beaulieu in around 1997, the only room scenes it manipulated for Beaulieu were those that Beaulieu already owned.

12. In around 1999 or 2000, Beaulieu started obtaining new room scenes from Virtual's room scene library.

13. Around this same time, I explained all three of Virtual's room scene options to Beaulieu employees, including Tony Godfrey, Sam Ruble, Bruce Sterns, and Kate Marsalis.

14. Beaulieu chose to obtain room scenes from Virtual only under Option 3.

15. Starting around 1999 or 2000, Virtual began providing room scene images to Beaulieu under Option 3.

16. Whether or not Beaulieu sent Virtual purchase orders for room scene work, Virtual issued invoices to Beaulieu detailing its work and charges.

17. Beaulieu never voiced any objection to the Terms and Conditions in Virtual's invoices.

2

Case 1:11-cv-00359 Document 53 Filed 04/05/13 Page 2 of 6 PageID #: 1923

18. Beaulieu fully paid most, if not all of Virtual's invoices between 1999 and 2008.

19. In 2007 or 2008, I noticed that Beaulieu's products were being advertised in retail stores such as Home Depot, Lowe's, and Carpets of Dalton with images that Virtual provided Beaulieu years before.

20. Some of the images I saw contained manipulations that Virtual had not performed.

21. I also discovered that internet carpet sellers' websites contained similar images, as did Beaulieu's webpage, which used Virtual's images to display Beaulieu products.

22. I brought my discovery to Beaulieu's attention, and had discussions with executives at Beaulieu in 2008 about how to remedy this impermissible use.

23. Bruce Stern, an art director at Beaulieu, was one of the first Beaulieu representatives to respond to my complaints about improper room scene use.

24. After I discussed the issue with Bruce Stern, Beaulieu did not provide Virtual with any additional compensation for its use of Virtual's images.

25. I made a number of proposals on behalf of Virtual to remedy Virtual's dispute with Beaulieu, all of which included some form of payment or guaranteed level of additional business, but Beaulieu did not accept them.

26. I did not affirmatively respond to Patricia Flavin's request for me to sign a release to "drop" Virtual's dispute with Beaulieu, nor did I ever sign any such settlement or release agreement.

27. Virtual provided its staff photographers with all of the equipment they needed to photograph room scenes, such as cameras, lenses, and photo editing software.

28. Virtual had the authority to assign numerous projects to its staff photographers at any given time.

29. Virtual did not pay its staff photographers by the job, but rather paid them set hourly wages.

30. Virtual provided its staff photographers the benefits including health insurance and retirement investment opportunities.

31. Included among the thousands of documents that Virtual produced to Beaulieu in this litigation are invoices, detailed "job tickets" that describe Virtual's work, accounts payable records, documents Virtual deposited with the United States Copyright office, and photographs or website screen shots showing Beaulieu's use of Virtual's images as late as 2012, much more than one year after payment.

32. Around the year 2000, Virtual purchased about 16 room scenes from a company called Crown Craft that Virtual incorporated into its room scene library.

33. I believe that the approximately 16 room scenes from Crown Craft are the only room scenes images copyrighted by Virtual that were not photographed by Virtual's staff photographers.

34. Greg Wright did not leave Virtual Studio's employment until 2008.

[Signature on following page]

4

Further, affiant saith not.

_____
Tom Sucher

STATE OF TENNESSEE:
COUNTY OF HAMILTON:

Sworn to and subscribed before me this 4th day of April 2013.

_____
Notary Public

My commission expires: 08/07/2016

5

Respectfully submitted,

PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

By: s/Michael A. Anderson 
Michael A. Anderson, BPR# 012368
Attorneys for Plaintiff
537 Market Street, Suite 202
Chattanooga, TN 37402
(423) 756-7117
(423) 267-5032 (fax)

## CERTIFICATE OF SERVICE

I certify that on April 5, 2013, a copy of the foregoing affidavit was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s / Michael A. Anderson

F:\WpDocs\CLG\Clients\Virtual Studios\Beaulieu\Pleadings\MSJ Response - Sucher Affidavit.doc